## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SHANE BODA, | Case No: |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| VIANT CRANE SERVICE, LLC, a Wisconsin Corporation, VIANT CRANE, LLC, a Wisconsin Corporation, AMERICAN STATE EQUIPMENT CO., INC., a Wisconsin Corporation, MANITOWOC CRANE COMPANIES, LLC, a Wisconsin Corporation, and MANITOWOC CRANES, LLC, a Wisconsin Corporation, | |
| Defendant. | |

**COMES NOW** the Plaintiff, Shane Boda, by and through his attorneys, and for his claim and causes of action against the above-named Defendant, states and alleges as follows:

1.      That at all times material herein, Plaintiff Shane Boda was employed and working as a welder in the City of Fairmont, County of Martin, State of Minnesota.

2.      That Plaintiff brings this action for negligence and product liability, and that this action is timely commenced within the meaning of Minn.Stat. §541.05, Subd. 2.

### PARTIES

3.      That at all times material herein, Plaintiff Shane Boda was a resident and citizen of the state of Indiana.

4.      That at all times material herein, Defendant Viant Crane, LLC was a corporation organized and incorporated under the laws of the state of Wisconsin, but with a principal executive

1

office address of 310 E. Superior Street, Suite 250, Duluth, MN 55802.

4.      That at all times material herein, Defendant Viant Crane Service, LLC was a corporation organized and incorporated under the laws of the state of Wisconsin, but with a principal executive office address of 310 E. Superior Street, Duluth, MN 55802.

5.      That at all times material herein, Defendant American State Equipment Co., Inc. was a corporation organized and incorporated under the laws of the state of Wisconsin with a principal office located at 2055 S. 108th Street, West Allis, WI 53227.

6.      That at all times material herein, Defendant Manitowoc Crane Companies, LLC was a corporation organized and incorporated under the laws of the state of Wisconsin with a principal office located at One Park Plaza, 11270 W. Park Place, Suite 1000, Milwaukee, WI 53224.

7.      That at all times material herein, Defendant Manitowoc Cranes, LLC was a corporation organized and incorporated under the laws of Wisconsin with a principal office located at One Park Plaza, 11270 W. Park Place, Suite 1000, Milwaukee, WI 53224

### JURISDICTION AND VENUE

8.      That this Court has jurisdiction over this action under 28 U.S.C. §1332.   Plaintiff Shane Boda seeks damages in excess of $75,000 and the parties are citizens of different states; Plaintiff Shane Boda is a citizen of Indiana and Defendants are corporations organized and incorporated in Wisconsin.

9.      That venue is proper in this Court because the conduct that gave rise to the cause of action occurred in the city of Fairmont, County of Martin, State of Minnesota.

## FACTS AND ALLEGATIONS

10.     That all times material herein, Plaintiff Shane Boda was in the employ of Brown Tank, LLC, and that at the time of the occurrence of the incident described herein, Mr. Boda was welding materials together near the crane at issue.

11.     That Defendants Manitowoc Crane Company, LLC and Manitowoc Cranes, LLC did produce and put into the stream of commerce a Grove mobile crane.

12.     That Defendants Viant Crane Service, LLC; Viant Crane, LLC; and American State Equipment Co., Inc. entered into a rental agreement with Brown Tank wherein said Defendants provided the Grove mobile crane to Brown Tank.

13.     That Defendants Viant Crane Service, LLC; Viant Crane, LLC; and American State Equipment Co., Inc. delivered the Grove mobile crane to Brown Tank without an anti-two block and with no warning that the anti-two block was missing.

14.     That the Grove mobile crane was delivered in a defective, unreasonably dangerous condition that created a risk of serious injury to anticipated users and their coworkers.

15.     That the missing anti-two block caused the Grove mobile crane to malfunction, causing serious and permanent injuries to Plaintiff Shane Boda on June 6, 2015.

16.     That in an effort to treat, heal and relieve his injuries, Plaintiff Shane Boda has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

17.     That Plaintiff sustained lost earnings and loss of earning capacity as a direct result of the injuries he sustained as a result of Defendants' negligence.

## COUNT 1: PRODUCT LIABILITY

18.    Plaintiff Shane Boda reiterates the preceding paragraphs and incorporates them as though they were set forth herein.

19.    That Plaintiff Shane Boda's injuries are a direct result of one or more of the Defendants putting a defective and unreasonably dangerous produce into the stream of commerce.

20.    That, upon information and belief, one or more of the Defendants provided a defective and unreasonably dangerous product, unfit for its intended use, to Brown Tank, LLC directly resulting in Plaintiff Shane Boda's injuries.

21.    That Plaintiff Shane Boda would not have been injured but for one or more of the Defndants providing an unreasonably dangerous, defective product to Brown Tank.

22.    That one or more of the Defendants are strictly liable for Plaintiff Shane Boda's injuries sustained on or about June 6, 2015.

23.    That as a result of one or more of the Defendants putting a defective and unreasonably dangerous product into the stream of commerce and as a result of one or more of the Defendants providing an unreasonably dangerous and defective product to Brown Tank, Plaintiff Shane Boda sustained severe, permanent and disabling physical injuries to his body including broken ribs, collapsed lungs, head injuries, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life; and that Plaintiff was otherwise injured and permanently disabled.

4

## COUNT 2: NEGLIGENCE

24.    Plaintiff Shane Boda reiterates the preceding paragraphs and incorporates them as though they were set forth herein.

25.    That the June 6, 2015 injuries sustained by Plaintiff Shane Boda and the resulting damages came as a direct result of the negligence of one or more of the Defendants.   Said Defendants were negligent in:

1.    failing and neglecting to provide Brown Tank with reasonably safe equipment;

2.    failing and neglecting to inspect the crane provided to Brown Tank before providing said crane;

3.    failing and neglecting to warn Brown Tank and Brown Tank's employees of the dangerous condition created by the missing anti-two block; and

4.    providing a defective, unreasonably dangerous product to Brown Tank that put Brown Tank's employees at substantial risk of serious injury.

26.    That one or more of the Defendant are liable for Plaintiff Shane Boda's injures in damages for their negligence in providing unsafe equipment, for failing to inspect the equipment before providing it to Brown Tank, for failing and neglecting to warn Brown Tank about the danger caused by the missing anti-two block.

27.    That as a result of the foregoing negligence of one or more of the Defendants, Plaintiff Shane Boda sustained severe, permanent and disabling physical injuries to his body including broken ribs, collapsed lungs, head injuries, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life; and that Plaintiff was otherwise injured and permanently disabled.

## DAMAGES

28.     Plaintiff Shane Boda reiterates the preceding paragraphs and incorporates them as though they were set forth herein.

29.     That Plaintiff Shane Boda has suffered serve, permanent, and disabling injuries that prevent him from obtaining employment.   He has suffered past wage loss and will suffer future wage losses in an amount to be determined at trial.

30.     That Plaintiff Shane Boda suffered and will continue to suffer pain and will need future medical care as a result of his injuries.   He seeks compensation for pain and suffering in an amount to be determined at trial.

31.     That Plaintiff Shane Boda's past medical care costs are in an excess of $700,000.00 as of May 24, 2019.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Shane Boda prays judgment against the above-named defendants, and each of them, for recovery of reasonable damages in an amount greater than Seventy Five Thousand Dollars ($75,000.00), together with interest thereon as provided by law, and for his costs and disbursements herein and for such other and further relief to which he may appear entitled.

**JURY TRIAL DEMANDED.**

**BREMSETH LAW FIRM, P.C.**

Dated:   May 3**1**,2019

Fredric A. Bremseth
601 Carlson Parkway, Suite 995

6

Minnetonka, Minnesota 55305
Telephone: 952-475-2800
Facsimile:   952-475-3879

ATTORNEYS FOR PLAINTIFF